```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
```

IRINA KORSHIKOVA,

                Plaintiff,

   -against-                                     **MEMORANDUM AND ORDER**
                                                            06-CV-2722 (NGG)

ST. FRANCIS COLLEGE,

                Defendant.

```
----------------------------------------------------------------X
```

GARAUFIS, United States District Judge:

      Plaintiff, residing in Brooklyn, New York and appearing *pro se*, files the instant action against St. Francis College, located in Brooklyn, New York. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, but the complaint is dismissed for the reasons discussed below.

## BACKGROUND

      Plaintiff states that her son graduated from St. Francis College ("St. Francis") in 2005, but has not received his diploma because St. Francis did not accept the grants her son qualified for in his second year and is now suing them for "about $5,000." Compl. at 1-2. Plaintiff states that, "[i]n spite of this second year financial problem my son was not informed about it in time and was successfully transferred to all the next college semesters, being approved by the Financial Department of the college." Compl. at 2. Plaintiff further states that St. Francis has informed her that her son has not received his diploma because he is missing credits. Compl. at 2. Plaintiff further alleges that her son has experienced "heavy stress, which led to a nervous breakdown, almost on the edge of suicide, and severe health complications," as a result of

defendant's actions. Compl. at 2.

## DISCUSSION

While the Court is sympathetic to plaintiff's situation, the subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented (28 U.S.C. §1331), or plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. §1332). "[I]n our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, 30 F.3d 298 (2d Cir. 1994) (quoting Manway Constr. Co. v. Housing Auth. of City of Hartford, 711 F. 2d 501, 503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking ... dismissal is mandatory." Id.; see Fed. R. Civ. P. 12(h)(3). Since plaintiff is proceeding *pro se*, the complaint is held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

Here, plaintiff's claim pertains to a private dispute and does not present a federal question. Diversity jurisdiction is also lacking in this case. See 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (a district court may only exercise original jurisdiction over cases "in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). As such, this Court lacks subject matter jurisdiction over this matter.

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                     __/s/_____  
                                                   NICHOLAS G. GARAUFIS  
                                                   United States District Judge

Dated: Brooklyn, New York  
        July 27, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

IRINA KORSHIKOVA,

          Plaintiff,

    -against-

ST. FRANCIS COLLEGE,

          Defendant.

----------------------------------------------------------------X

**CIVIL JUDGMENT**
06-CV-2722 (NGG)

    Pursuant to the order issued   July 27, 2006   by the undersigned, dismissing the complaint for lack of subject matter jurisdiction, it is,

    **ORDERED, ADJUDGED AND DECREED**:  That the complaint is hereby dismissed. Fed. R. Civ. P. 12(h)(3).  The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from the Court's order would not be taken in good faith.


Dated: Brooklyn, New York
       July 27, 2006

                                  /s/
                            NICHOLAS G. GARAUFIS
                            United States District Judge


THIS DOCUMENT WAS ENTERED ON THE DOCKET SHEET ON _____.